FILED
U.S. DISTRICT COURT

2007 DEC -4  A 8: 21

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BENJAMIN J. ARCHULETA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER OF DISMISSAL<br><br>Case No. 2:07 CV 332<br><br>Related Case No. 2:98 CR 479 |

On May 21, 2007, Petitioner Benjamin J. Archuleta filed a Petition to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255. The prior case that Mr. Archuleta refers to is Case No. 2:98 CR 479, where the Court found him not guilty by reason of insanity on July 23, 1999. Mr. Archuleta was committed to a federal psychiatric facility in Springfield, Missouri, and has since been released. For the reasons set forth below, Mr. Archuleta's petition is DENIED without prejudice.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may dismiss a case filed *in forma pauperis* at any time if it determines that an action is frivolous or malicious, or fails to state a claim on which relief may be granted. Furthermore, a claim for relief under § 2255 must include a specific constitutional provision and a statement of facts that entitle the petitioner to relief. *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996). Federal courts may dismiss a habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).

The Court recognizes that because Mr. Archuleta is proceeding *pro se* the Court must construe his pleadings liberally. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of

alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Mr. Archuleta's petition consists of a standard fill-in-the-blank *pro se* form, which is largely unintelligible. There appears to be factual allegations with little or no supporting explanation and moreover, there is no apparent connection to the Court's order dated July 23, 1999 finding him not guilty by reason of insanity. The petition contains fragments of seemingly irrelevant legal provisions that are disorganized and partially illegible. Also, it seems from the petition that Mr. Archuleta is requesting the Court to call certain phone numbers and locate particular web-sites, yet provides no rationale or objective for doing so. As a result, this Court is unable to discern the basis of Mr. Archuleta's habeas claims, and the Court has no way to determine the errors of either fact or law that are potentially raised.

Pro se litigants are not excused from compliance with minimal pleading requirements. The Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989). Therefore, the petition is subject to dismissal without prejudice. *See McFarland,* 512 U.S. at 856.

It is so ordered.

DATED this 3rd day of December, 2007.

_____
Dee Benson
United States District Judge

2